■ THOMAS DI VITA, as Administrator of the Estate of PASQUALE DI VITA, Deceased, Appellant, v. LONG ISLAND RAIL ROAD COMPANY, Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered July 9, 1969 in favor of defendant, upon the trial court's dismissal of the complaint at the close of the case upon a jury trial. Judgment affirmed, with costs. No opinion. Latham, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and grant a new trial, with the following memorandum: As the decedent was walking across the Long

Island Rail Road Company's east-west, double track at the Jackson Avenue crossing in Syosset, he was struck and killed by a train coming from the east on the south track. About 200 feet east of the accident site there was a curve around which the train had come. The decedent was crossing from north to south and had already passed over the north track when struck by the train on the south track. If the decedent saw the train as it came around the curve 200 feet to the east, he could reasonably have believed it was on the *north* track, because that was the track on which westbound trains normally ran; and if he so thought he had a right to believe that the train coming from the east posed no danger to him since he had already passed over the north track and had reached the south (normally eastbound) track. In my view these facts raised a jury question as to the decedent's contributory negligence and the trial court erred by finding him contributorily negligent as a matter of law (see *Rossman* v. *La Grega,* 28 N Y 2d 300). With respect to the defendant's negligence, I similarly think that on this record there was a jury question as to whether the train was going at an excessive and dangerous speed, in view of the facts that it was (a) approaching a crossing after rounding a curve only 200 feet to the east and (b) going west on a track that a pedestrian would normally and reasonably consider the eastbound track. Hence, I think the trial court erred by finding defendant free of negligence as a matter of law.